## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

FRANCIS OKIEMUTE AKPORE,   )
                                  )
     Plaintiff,             )
                                  )
v.                            )     Case No.: 4:19-cv-0127-MHH-JEO
                                  )
ATTORNEY GENERAL,        )
                                  )
     Defendant.         )

## MEMORANDUM OPINION

On December 9, 2019, the magistrate judge filed a report in which he recommended that the Court dismiss this action without prejudice for lack of subject-matter jurisdiction. (Doc. 2). Mr. Akpore filed his complaint from his home in Nigeria. Court records indicate that the Clerk of Court emailed the magistrate judge's report to Mr. Akpore on December 9, 2019. The magistrate judge advised Mr. Akpore of his right to file specific written objections within 14 days. The Court has not received objections from Mr. Akpore.

A district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court reviews legal conclusions in a report *de novo* and reviews for plain error factual findings to which no objection is made. *Garvey v. Vaughn*, 993 F.2d

776, 779 n. 9 (11th Cir. 1993); *see also LoConte v. Dugger,* 847 F.2d 745, 749 (11th Cir. 1988); *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006).

Having reviewed the materials in the court file, the Court adopts the magistrate judge's jurisdictional analysis. (Doc. 2, pp. 1-8). In his complaint, Mr. Akpore challenges his removal from the United States. (*See*, *e.g.*, Doc. 1, p. 12) ("Petitioner prays that this HCJ concludes that Petitioner was improperly removed by Respondents . . . . Respondents improperly removed Petitioner."). Mr. Akpore contends that his removal violated his rights under the Fifth and Fourteenth Amendments of the United States Constitution, and he asks this district court to "immediately return [him] to the USA[.]" (Doc. 1, p. 12). The magistrate judge stated that under 8 U.S.C. § 1252, district courts lack jurisdiction over challenges to removal proceedings. *See Gupta v. McGahey*, 709 F.3d 1062, 1065 (11th Cir. 2013). The Court agrees.

The Court notes that Mr. Akpore initially sought relief pursuant to a habeas petition, but the Court dismissed that petition as moot because the Court received the petition after Mr. Akpore was removed from the United States. *Akpore v. Hassell*, 18-CV-290-MHH-JEO, Doc. 21; (*see also* Doc. 1, pp. 97-98). Mr. Akpore paid the filing fee for his habeas petition and for this action. (18-CV-290-MHH-JEO, Doc 1; January 24, 2019 docket entry in 19-CV-127-MHH-JEO). Should Mr. Akpore choose to pursue his request for relief, the Court has attached to this opinion

a copy of 8 U.S.C. § 1252 which, as the magistrate judge explained, indicates that the proper forum for a challenge to removal is the "court of appeals for the judicial district in which the immigration judge completed the proceedings." 8 U.S.C. § 1252(b)(2). Section 1252 contains additional requirements for review of orders of removal.

Because this district court lacks jurisdiction over this action, the Court does not reach the balance of the analysis in the report and recommendation. By separate order, the Court will dismiss this action without prejudice for lack of subject matter jurisdiction.

**DONE** this 10th day of January, 2019.

**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE